UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIDIYA PASHOLIKOVA, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>JUDGE MALDONADO, et al. )<br>    Defendants. ) | CIVIL ACTION<br>NO. 14-11041-MPK |

MEMORANDUM AND ORDER

March 10, 2015

KELLEY, M.J.

For the reasons stated below, the Court (1) grants the plaintiff's motion for leave to proceed in forma pauperis; (2) denies without prejudice the plaintiff's motion to appoint counsel; and (3) directs the plaintiff to file an amended complaint or otherwise show cause why this action should not be dismissed.

**I.      Background**

Lidiya Pasholikova brings this pro se action in which she alleges that her constitutional rights have been violated by public officials employed by the City of Revere, Massachusetts—Revere Housing Authority ("RHA") director Linda Shaw; Revere Board of Health ("RBH") director Nicholas Catinazzo; and, RHA Inspector J. Ferrara--and Chelsea District Court Judge Diana Maldonado. According to the complaint, from 1993 to 2013, Pasholikova, who is of Russian national origin, was a tenant in a building owned and operated by the RHA. The plaintiff represents that since at least 2001, she has raised numerous complaints with the building's managers, the RHA, and the RBA regarding ventilation conditions in her unit and the building's common spaces. According to the complaint, Shaw became the director of the RHA in 2006.

1

In 2007, Pasholikova filed an action in this Court regarding her tenancy in Revere public housing. See Pasholikova v. City of Revere, C.A. No. 07-10925-JLT. After the Court appointed pro bono counsel for her (#44), she filed an amended complaint (#50) in October 2008, alleging that the defendants discriminated against her on the basis of national origin and retaliated against her for her efforts to improve ventilation conditions in the building. Among the defendants were the RHA and its former director Andrew Procopio (in his official and individual capacity), the RBH, Catinazzo, and Ferrara. In conjunction with her claims for relief under the Massachusetts Tort Claims Act, the plaintiff alleged that she had sent presentment letters to Shaw, "the proper executive officer of RHA." Id., Amend. Compl. (#50) at ¶¶ 180, 186. The parties reached a settlement, and on June 15, 2009, Pasholikova and the defendants stipulated to the voluntary dismissal of her claims with prejudice (#64).

In the instant complaint, the plaintiff alleges that the 2009 settlement agreement was breached because the RHA did not follow through with its promise to make the front deck of the apartment building a non-smoking area. Pasholikova believes that this conduct "made [her] a right to return to the beginning of [her] story of a relationship with the RHA." Compl. (#1 at 3, 6).

The plaintiff alleges that in 2010, Shaw nailed windows shut in the hall and library of the apartment building. Pasholikova further claims that the dryers of the building's laundry room were not properly exhausted, causing a health risk to tenants. According to the complaint, after the situation was not remedied despite the plaintiff's notice to the Revere Board of Health, she wrote a letter to RHA informing it that she would begin to withhold rent. She delivered this letter in hand to Catanzaro. This led to the eviction proceedings. The RHA initiated eviction proceedings against her in Chelsea District Court, which were presided over by Judge

Maldonado. In February 2013, Judge Maldonado ordered that the plaintiff be evicted. Pasholikova alleges that Judge Maldonado conspired with the RHA and Shaw.

## II. Discussion

### A. Motion for Leave to Proceed In Forma Pauperis

Upon review of this plaintiff's motion, the Court finds that the plaintiff has made a sufficient showing that she is without income or assets to pay the filing fee. Accordingly, the motion for leave to proceed in forma pauperis (#2) is GRANTED.

### B. Screening of the Complaint

Because the plaintiff is proceeding in forma pauperis, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). Further, a court has an obligation to inquire sua sponte into its own subject matter jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004), In conducting this review, the Court liberally construes the plaintiff's complaint because she is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

For the reasons stated below, Pasholikova's complaint is subject to dismissal.

#### 1. Judicial Immunity

The claims against Judge Maldonado are barred by the doctrine of judicial immunity. As a judicial officer, Judge Maldonado has absolute immunity from suit for actions undertaken in the normal performance of her duties. Mireles v. Waco, 502 U.S. 9, 12 (1991); see Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (affirming a judge's "absolute immunity from civil

liability for any normal and routine judicial act"). She is protected even if it is alleged that her actions were "erroneous," "injurious," "informal," or "malicious." Cok, 876 F.2d at 2. "Only judicial actions taken in the clear absence of all jurisdiction will deprive a judge of absolute immunity," id., and Pasholikova has not alleged any acts by Judge Maldonado rising to this level of impropriety.

### 2. Claim Preclusion

Under the federal law of claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action." Hatch v. Trail King Indus., Inc., 699 F.3d 38, 45 (1st Cir. 2012) (quoting Apparel Art Int'l, Inc. v. Amertex Enters. Ltd., 48 F.3d 576, 583 (1st Cir.1995)). The three elements of claims preclusion are "(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions." Id. (quoting Breneman v. U.S. ex rel. FAA, 381 F.3d 33, 38 (1st Cir. 2004)).

Applying these criteria, the Court concludes that all of the plaintiff's claims against Shaw, Catinazzo, and Ferrara which concern events occurring prior to the filing of the amended complaint in Civil Action No. 07-10925-JLT on October 16, 2008 are barred. The first requirement is met because, for purposes of claim preclusion, dicata, a voluntary dismissal with prejudice is considered a final adjudication of the merits of the dismissed claims. See U.S. v. Cunan, 156 F.3d 110, 114 (1st Cir. 1998).

There is also "sufficient identicality" between the parties in the two lawsuits. Catinazzo and Ferrara were defendants in the earlier lawsuit. Although Shaw was not a defendant in the earlier lawsuit, "claim preclusion does not require privity between parties in the two suits." Silva

4

v. City of New Bedford, 660 F.3d 76, 80 (2011). Claim preclusion can apply "if there is privity or 'if the new defendant is closely related to a defendant from the original action-who was not named in the previous law suit.'" Id. (quoting Airframe Systems, Inc. v. Raytheon Co., 601 F.3d 9, 17 (1st Cir. 2010) (citation omitted)). Shaw was the director of the RHA at the time amended complaint was filed in Civil Action No. 07-10925-JLT 2007. The RHA was named as a defendant in this lawsuit, as was her predecessor. Under these circumstances, there is "sufficient identicality" between Shaw and the defendants to the earlier action.

Further, both lawsuits concern alleged discrimination in housing on the basis of the Pasholikova's national origin and retaliation against her for complaining of the housing conditions. Indeed, the plaintiff herself admits that this action is, in part, and attempt to revive the claims that were settled in Civil Action No. 07-10925-JLT 2007.

Accordingly, all claims that the plaintiff did bring or could have brought in Civil Action No. 07-10925-JLT are barred by claim preclusion.

### 3. Rule 8(a) of the Federal Rules of Civil Procedure

To state a claim for relief, a complaint must comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quoting Educadores, 367 F.3d at 68). Although the requirements of Rule 8(a)(2) are

minimal, "minimal requirements are not tantamount to nonexistent requirements." Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A court is not "bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint does not show that "the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (quoting Fed. R Civ. P. 8(a)(2) in second quotation).

The exclusion of claims against Judge Maldando and claims against the other defendants that were or could have been brought in Pashilikova's earlier lawsuit leaves few allegations to consider: Shaw nailed some windows shut; the plaintiff's grievances about the dryers were not addressed; she delivered a letter to Catinazzo announcing that she would withhold rent because of because of the living conditions; and, she was evicted from her apartment for nonpayment of rent. None of these allegations permit the Court to reasonably infer that Shaw, Catinazzo, or Ferrara discriminated against her on the basis of her national origin or otherwise violated her federal rights. The Court is not required to accept the plaintiff's conclusory allegations that these defendants acted with a discriminatory animus.

**4.     Jurisdiction**

To the extent that the 2009 settlement agreement in Civil Action No. 07-10925-JLT was breached, the plaintiff's remedy is to file a state law claim for breach of contract. However, this Court would not have jurisdiction over such an action. "Absent an independent basis for federal jurisdiction, dismissal-producing settlement agreements are not enforceable in federal court

6

unless the district court has ensured its continuing ancillary jurisdiction by making 'the parties' obligation to comply with the settlement agreement . . . part of the order of dismissal." Lipman v. Dye, 294 F.3d 17, 20 (1st Cir. 2002) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 380 (1994)) (alteration in original). Because Judge Tauro's order of dismissal (#63) in Civil Action No. 07-10925-JLT 2007 did not explicitly retain jurisdiction over the settlement agreement for more than 30 days or incorporate terms of the settlement agreement in the order of dismissal, ancillary jurisdiction does not exist. As any breach of the settlement agreement presents no federal question and the parties are not of diverse citizenship, see 28 U.S.C. §§ 1331, 1332, the plaintiff must bring any action for the alleged breach of the 2009 settlement agreement in state court.

Moreover, to the extent that Pasholikova seeks to invalidate the outcome of the state court eviction proceedings, this Court has no jurisdiction to entertain such claims. The Rooker-Feldman doctrine precludes a litigant who was unsuccessful in state court from seeking reversal of that decision in federal court once the state court litigation is completed. See Coggeshall v. Mass. Bd. of Reg'n of Psychologists, 604 F.3d 658, 663 (1st Cir.2010) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005)); see also Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Application of this doctrine is appropriate where "[t]he losing party in state court file[s] suit in a U.S. District Court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking federal-court review and rejection of that judgment." Skinner v. Switzer, 562 U.S. 521, 131 S. Ct. 1289, 1297 (2011) (footnote omitted). Here, this doctrine prevents the Court from exercising jurisdiction the plaintiff's challenge to the state court eviction proceedings.

7

### C. Motion for Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), this Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). To qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. See id. In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, the Court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent herself. See id. at 24.

Here, because the complaint is subject to dismissal for the reasons set forth above, exceptional circumstances that would justify the appointment of pro bono counsel are not present. The motion is therefore denied without prejudice.

## III. Conclusion

Accordingly:

(1) The motion for leave to proceed in forma pauperis (#2) is GRANTED.

(2) If Pasholikova would like to proceed with this action, she is directed to show cause, by filing an amended complaint, no later than thirty-five days from the date of this Order, demonstrating why this action should not be dismissed. Failure to comply with this directive may result in dismissal of the action.

(3) The motion for appointment of counsel (#3) is denied without prejudice.

SO ORDERED.

     /s/ M. Page Kelley
     M. Page Kelley
     United States Magistrate Judge